JOHN L. BURRIS, Esq., SBN 69888
BEN NISENBAUM, ESQ., SBN 222173
JAMES COOK, Esq., SBN 300212
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CHRISTOPHER JOEL NUNEZ; DONNA HOLLOMAN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> AMADOR COUNTY, a municipal corporation, and DOES 1-50, inclusively, and individually, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br> (42 U.S.C § 1983; and pendent tort claims) <br><br> **JURY TRIAL DEMANDED** |

)
)

## INTRODUCTION

1. These claims arise out of the wrongful death of Christopher Joel Nunez. Defendant County of Amador Jail facility employees negligently failed to accommodate and monitor Mr. Nunez, despite being aware of his developmental disabilities, while in the Amador County Jail facility on May 28, 2014.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Vallejo, County of Solano, California, which is within this judicial district.

## PARTIES

3. This action seeks to recover damages for the violation of rights personal to Decedent, Christopher Joel Nunez. This action, maintained on behalf of Decedent, and by his successor in interest, Donna Holloman, mother of the decedent. Said Plaintiffs are persons with standing to bring the action pursuant to California Code of Civil Procedure §§ 377.30.and 377.60 and California Probate Code 6402.

4. Plaintiffs herein are now and at all times mentioned herein are United States Citizens. Plaintiffs are the surviving heirs of Decedent.

5. Defendant Amador County Jail (Hereinafter "Defendant") is, and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California.

6. At all times mentioned herein, DOES 1-50, are sued in an individual and official capacity as a Correctional Officer for the Amador County

Jail.

7. Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each Defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, false arrests and unlawful use of force.  Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

8. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

9. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

10. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

11. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiffs have complied with all applicable requirements.

**FACTS**

12. The incident took place on May 28, 2014 at approximately 12:45 a.m. at Amador County Jail located at 700 Court Street, Jackson, California 95642.

13. Decedent, Christopher Joel Nunez suffered fatal injuries as a result of

negligence on the part of Amador County Jail staff.

14. Decedent was hanging in his cell with a towel wrapped around his neck and tied to the cell window when Amador County Jail staff found him.

15. Mr. Nunez called Donna Holloman from Amador County Jail at 3:47 p.m. the previous day to inform her that his cellmate was harassing him.

16. Decedent Christopher Joel Nunez were placed in administrative segregation in the Amador County Jail.

17. Jail staff discovered Decedent Nunez deceased shortly after moving him into his new cell.

18. Decedent was developmentally disabled.

19. Decedent suffered from impulse control problems.

20. Jail staff was aware of Decedents impulse control problems and developmental disability

21. Jail staff should have monitored decedent closely due to his disturbed state.

22. Amador County Jail and the probation department were both familiar with the Decedent's learning disabilities.  Mark Bonini, Chief Probation Officer, in fact told the Decedent's mother, "With Chris' disability he has a lack of understanding the process and he has black or white thinking."

23. The Amador County Deputies had a duty to protect the Decedent and to prevent his fatal suicide attempt.

24. Decedent Nunez called his mother and informed her that Sheriff's Deputies were harassing him.

25. Christopher Nunez was developmentally disabled and the Sheriff's Deputies knew about this information.

26. Mr. Nunez suffered fatal injuries, as a result, of negligence on the part of Amador County Deputies.

**DAMAGES**

27. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiffs were mentally, and

emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

28. Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b). Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

29. Plaintiffs are entitled to recover damages pursuant to their right of survivorship for the pain and suffering he endured because of violations of his civil rights.

30. Defendants' intentional and/or negligent conduct proximately deprived plaintiffs of decedent's support.

31. Plaintiffs' found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
Violation of Fourth Amendment of the United States Constitution
(42 U.S.C. §1983)
(Against Defendants, Amador County, and DOES 1-50)

32. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 of this complaint.

33. Defendants' above-described conduct constituted violations of decedent and/or plaintiffs rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against them, including but not limited to the failure to provide mental health care and/or failure to prevent foreseeable harm.

34. Moreover, Defendants had knowledge of Decedent's disability. Defendants had knowledge of Decedent's impulse control issues and should have foreseen his potential to harm himself. Defendants provided the Decedent with the means to harm himself and allowed him ample time to harm himself. Defendants failed to properly supervise Decedent, while he was under their care, custody, and supervision, resulting in his death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Wrongful Death)
(42 U.S.C. §1983)
(Against Defendants, Amador County, and DOES 1-50)

35. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 34 of this Complaint.

36. Defendants conduct constituted acts under color of law without lawful justification or authority in the process of subjecting decedent to excessive force. Defendants thereby deprived Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;
   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution;
   c. The right to be free from the use of excessive force by police officers, which are guaranteed by the Fourth Amendment to the United States Constitution.

37. Defendants were aware of Decedent's developmental disabilities. Defendants had a duty to keep Decedent safe from harm. Defendants allowed Decedent to hang himself with a towel in his cell. Defendants failed to properly monitor Decedent, allowing him to inflict fatal wounds to his body resulting in his wrongful death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
(Violations of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship)
(42 U.S.C. § 1983)
(Against Defendants, Amador County, and DOES 1-50)

38. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 37 of this Complaint as though fully set forth.

39. Defendants' conduct constituted acts under color of state law, and without due process of law, which deprived Plaintiffs of their right to a familial relationship. Defendants deprived Plaintiffs of these rights by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries, which resulted in decedent's death, all without provocation.

40. Defendants attempted to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiffs of their right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

41. Defendants were familiar with Decedent's developmental disability and failed to properly supervise him.  Defendant's failure to protect Decedent resulted in his fatal injuries and wrongful death.  Defendants conduct deprived Plaintiff of her right to a familial relationship with her son.  Plaintiff has been denied familial relationship as a result of Decedents wrongful death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
(Wrongful Death - Negligence)
(C.C.P. §§377.60 and 377.61)
(Against Defendants, Amador County, and DOES 1-50)

42. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 41 of this Complaint.

43. Pursuant to C.C.P. §377.60  a wrongful death action is brought by either the Decedent's spouse, domestic partner, and/or other statutorily specified family members on their own behalf, or the Decedent's personal representative on their behalf, for the death of

a person caused by the wrongful act of another.  The wrongful death action compensates specified heirs of the Decedent for losses suffered because of a Decedent's death.

44. Pursuant to C.C.P. §377.34, a Plaintiff in a wrongful death action is entitled to recover damages for his own pecuniary loss, which may include the loss of the Decedent's financial support, services, training and advice, and the pecuniary value of the Decedent's society and companionship.

45. Defendants were well aware of Decedent's developmental disability and impulse control problem.  Defendants placed Decedent in administrative segregation.  Defendants provided Decedent with a means to harm himself, and left Decedent unmonitored.  Defendants' duty was to keep Decedent safe from harm yet he were allowed to fatally wound himself resulting in his wrongful death.  Plaintiff has been deprived of Decedent's society and companionship as a result of Defendant's action.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
(Violation of 42. U.S.C. Section 12132)
(Against Defendants, Amador County, and DOES 1-50)

46. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47. As against Defendant Amador County and DOES 1-50 in her/their capacity as official policy-maker(s) for the COUNTY OF AMADOR, Plaintiff further alleges that said Defendants failed to train, supervise, and or discipline Defendant DOES 1-50, in recognizing symptoms of disability under title II of the Americans With Disabilities Act; from excluding qualified individuals such as Decedent Christopher Joel Nunez from participation in or denial of benefits of services provided by Defendant County, or in otherwise discriminating against such qualified individuals with symptoms of disability recognized under title II of the Americans With Disabilities Act, resulting in the wrongful death of Decedent Nunez and subsequent damages.

48. Defendants were aware of Decedent's disability and the symptoms and manifestations of Decedent's disability.  Decedent had many prior interactions with the

Probation Department as well as Defendant Amador County Jail. Defendants placed Decedent in a cell with a means of harming himself and allowed him to commit suicide. Decedent's wrongful death was caused by Defendants failure to accommodate and acknowledge Decedent's disability

### JURY DEMAND

59. Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants and/or DOES 1 through 50 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred;

**LAW OFFICE OF JOHN BURRIS**

Dated: June 10, 2015             */s/ John L.Burris*
                                 John L. Burris, Esq.,

1
2
3
4
5
6
7
8  [   ]
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGES – WRONGFUL DEATH
ESTATE OF CHRISTOPHER JOEL NUNEZ; DONNA HOLLOMAN
10