LONGYEAR, O'DEA & LAVRA, LLP
VAN LONGYEAR, CSB NO. 84189
PETER Z. ZILAFF, CSB NO. 272658
NICOLE M. CAHILL, CSB NO. 287165
3620 American River Drive, Suite 230
Sacramento, California 95864-5923
Tel: 916-974-8500 Fax: 916 974-8510

Attorneys for Defendant, AMADOR COUNTY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CHRISTOPHER JOEL NUNEZ; DONNA HOLLOMAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMADOR COUNTY, a municipal corporation, and DOES 1-50, inclusively, and individually,<br><br>Defendants. | Case No. 2:15-cv-01249 JAM CKD<br><br>Action Filed: 06/10/15<br><br>**STIPULATED PROTECTIVE ORDER** |

The Parties in the above-entitled matter seek to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and/or constitutional privacy rights. The Parties in good faith believe that the following documents contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; and/or (b) not normally revealed to the public or third parties, or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

The Parties take the position that these documents are Confidential:

1. Personnel records for deputies/sworn peace officers and/or employees of Amador County, including but not limited to documents concerning, relating or referring to: background

investigations, hiring, appointment, termination, job performance and evaluations, awards, commendations, and recognition of all professional accomplishments, training, internal affairs investigative files, citizen complaints, charges of misconduct, resulting discipline or retraining.

    2.    Medical files and records of decedent Christopher Joel Nunez and plaintiff Donna Holloman, including but not limited to mental health information and evaluations, medical information and examinations, prescription and medication information, etc.

    3.    Decedent Christopher Joel Nunez's juvenile records.

    4.    Decedent Christopher Joel Nunez's files and records from the Social Security Administration.

    5.    Those portions of documents produced by defendant Amador County containing identifying information (such as names and XREF numbers) regarding inmates other than decedent Christopher Joel Nunez, including but not limited to logbooks, incident reports, and other jail records.

    6.    Any photographs, video images or any depiction of Amador County Jail.

    7.    Any other documents, including but not limited to medical, psychological, and psychiatric records of any other individuals, provided that this court has ordered such records are Confidential.

IT IS HEREBY STIPULATED by, among and between the Parties through their counsels of record that the documents described herein may be designated as "Confidential" and produced subject to the following Stipulated Protective Order:

    1.    The disclosed documents shall be used solely in connection with the civil case The Estate of Christopher Joel Nunez, Donna Holloman vs. Amador County, et al., Case No.: 2:15-cv-01249 JAM CKD (USDC EDCA) and in the preparation and trial of the cases, or any related proceeding. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

    2.    A party producing the documents and materials described herein shall designate those materials as confidential by affixing a mark labelling them "Confidential" provided that such marking does not obscure or obliterate the content of any record. If any confidential

materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties. Documents may also bear a mark labelling them "Redacted" to protect third party privacy rights and information not subject to disclosure.

3. Documents or materials designated under this Stipulated Protective Order as "Confidential" may only be disclosed to the following persons:

    (a) John L. Burris, Ben Nisenbaum, James Cook of Law Offices of John L. Burris and associate attorneys in their office, as counsel for Plaintiff in the case enumerated above;

    (b) Van Longyear, Peter Zilaff, and Nicole Cahill of LONGYEAR, O'DEA & LAVRA, LLP and associate attorneys in their office, as counsel for Defendant Amador County, in the case enumerated above.

    (c) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a)-(b) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

    (d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

    (e) Any expert, consultant, or investigator retained in connection with this action;

    (f) The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

    (g) Witnesses during their depositions in this action which shall not be disclosed to witnesses during their depositions unless said deposition is of the author of such documents, one of the parties, or an expert retained by one of the parties; and,

    (h) The parties in this action.

4. Prior to the disclosure of any Confidential information to any person, each such recipient of Confidential information shall be advised of the contents of this Stipulated

Protective Order and will be subject to the Order.

Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.

Nothing in this Stipulated Protective Order shall be construed as a limitation on a party's ability to show the documents or materials that it has designated as "Confidential" and produced in this action to whomever the party may deem appropriate. Nothing in this Stipulated Protective Order shall be construed to limit a party's use of information already in its possession prior to the litigation, provided that use complies with all other legal requirements.

5. As to all documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, the Parties agree that they will seek permission from the Court to file the Confidential information under seal according to Local Rule 141. If permission is granted, the Confidential material will be filed and served in accordance with Local Rule 141. All Parties agree to accept service of all documents filed pursuant to Local Rule 141 by electronic means.

6. Notice to those third party inmates whose healthcare records are produced and disclosed herein by defendants having been determined as unnecessary by the Court after hearing on noticed motion, no notice need be given to any third party inmate whose healthcare information is contained in documents which are subject to this Protective Order.

7. The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

8. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify confidential information shall meet and confer with the producing party. Until the matter is resolved by the Parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a

confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

9. <u>Copies of Confidential Documents</u>

The following procedures shall be utilized by the Parties in production of documents and materials designated as "Confidential":

    (a)    All Counsel for Parties other than the party producing the confidential material shall receive one copy of the confidential material at no charge.

    (b)    Counsel for Parties other than the party producing the confidential material may make copies for internal use but shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source, except those persons identified in Paragraph 3 herein, without further order of the Court or authorization from counsel for the party producing the confidential material.

10. If any document or information designated as "Confidential" pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with Paragraph 5 of this Stipulated Protective Order. Only individuals who are authorized by this Stipulated Protective Order to see or receive such material may be present during the discussion or disclosure of such material. The Parties shall work together to ensure that this process regarding the use of confidential information at depositions is followed.

11. Notwithstanding the provisions of Paragraph 3, confidential information produced pursuant to this Stipulated Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to internet, radio and television media.

12. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Stipulated

Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the party that produced the confidential material of the recipient(s) and the circumstances of the unauthorized disclosure and (b) use best efforts to bind the recipient(s) to the terms of this Stipulated Protective Order.

13. No information shall lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Stipulated Protective Order. In addition, any information that is designated confidential does not lose its confidential status due to any inadvertent or unintentional disclosure. In the event that a party makes any such inadvertent disclosure, the documents which are confidential will be identified accordingly, marked in accordance with Paragraph 2 above, and a copy of the Confidential marked documents provided to the other parties to this action. Upon receipt of the Confidential-marked documents, the receiving parties will return the unmarked version of the documents to counsel for the party that produced the confidential material within fourteen (14) days.

14. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced containing confidential information will remain confidential. All documents and materials produced to counsel for the other parties pursuant to this Stipulated Protective Order shall be returned to counsel for the party that produced the confidential material in a manner by which counsel will be able to reasonably verify that all documents were returned. All Parties agree to ensure that all persons to whom confidential documents or materials were disclosed shall be returned to counsel for the party that produced the confidential material. "Conclusion" of this litigation means a termination of the case following any final appeal or the expiration of the time to file a final appeal or settlement of all claims.

15. No later than thirty (30) days after conclusion of the litigation, all persons having received the confidential documents shall return said documents to counsel for the party that produced the confidential material or a confirmation in writing that all such documents and/or information have been destroyed.

16. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject

to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the Parties agree the Stipulated Protective Order shall continue in force as a private agreement between the Parties.

17. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Stipulated Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

Respectfully submitted,

Dated: April 28, 2017             LAW OFFICES OF JOHN L. BURRIS

                                                     By: */S/: Ben Nisenbaum*
                                                          John L. Burris
                                                          Ben Nisenbaum
                                                          James Cook
                                                          Attorneys for Plaintiffs

Dated: April 28, 2017             LONGYEAR O'DEA & LAVRA

                                                          By: */S/: Peter Zilaff*
                                                          Van Longyear
                                                          Peter Zilaff
                                                          Nicole Cahill
                                                          Attorneys for Defendants
                                                          AMADOR COUNTY

### **Attestation Regarding Signatures**

I, Peter C. Zilaff, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 28, 2017                       By: */S/: Peter Zilaff*
                                                          Peter Zilaff

### **ORDER**

PURSUANT TO THE STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

Dated: 4/28/2017                           /s/ John A. Mendez

The Honorable John A. Mendez
United States District Court Judge